R. T. McGill *v.* L. B. Pence, etc.

**Municipal Corporations—Improvement Ordinance—Origin.**

Where an improvement ordinance was adopted by unanimous vote of the council, it is immaterial whether it originated in the council or resulted from petition of the lot owners.

**Municipal Corporations—Improvement—Apportionment of Cost.**

An improvement ordinance was held to require that the total cost of the improvement shall be apportioned among the property owners in accordance with the front footage of the property abutting on that portion of the street which was improved.

APPEAL FROM KENTON CIRCUIT COURT.

April 2, 1873.

OPINION BY JUDGE LINDSAY:

The ordinance providing for the improvement of Holman street between Twelfth and Berry streets was adopted by the unanimous

vote of the council, hence we do not deem it material to inquire whether it originated with the council or resulted from the petition of the lot owners.

We differ, however, with the chancellor as to the proper construction of said ordinance. Notwithstanding the fact that the work was directed to be let out in two different contracts, the one embracing so much of the street as was 66 feet wide, and the other so much as was 45 feet wide, yet it was further provided, that "When the *work* shall have been completed the cost and expense of the same shall be ascertained and assessed and levied against said lots and parts of lots, according to front feet, and the city charter of Covington and the amendments thereto."

The specific direction as to the manner in which the cost of the work was to be apportioned among the lot owners, accorded with the declaration previously made in the same section that "the council adjudges and declares all of the above work to be necessary, and that the same shall be done at the cost and expense of the owner or owners of all the lots and parts of lots fronting or abutting thereon."

It is not to be inferred from anything in the ordinance that the cost of that portion of the work on the street where it is 66 feet wide was intended to be assessed against the lots fronting thereon, and the same must be applied on that portion of the street 45 feet wide.

The work was to be let in two contracts, but when completed the cost and expense of the same (that is of the entire improvement), was to be ascertained, and assessed and levied against said lots and parts of lots, i. e., "all the lots and parts of lots abutting thereon."

The assessment as made does not follow the ordinance, and it is palpable that the gravest injustice will be done to this appellant and others if it be upheld. The improvement covers but one square. There must of necessity be a community of interest between those owning lots fronting thereon. The benefits conferred must approximate to something like equality, and yet a portion of the lots, and those the deepest at that, are taxed only 43 cents per front foot. Before a court should conclude that the council intended such gross inequality and manifest injustice, that intention should be expressed in plain and unmistakable language. The ordinance under consideration not only expressed no such intention, but when construed according to the natural import of the language used provides that

the cost of the entire work shall be apportioned among the lot own-
ers according to the number of front feet each may own abutting
"thereon." Appellant can be required to pay no greater amount
than will fall to him upon a calculation based upon the rule indi-
cated.

The judgment is reversed and the cause remanded with instruc-
tions to ascertain the amount due from appellant according to the
mode prescribed by the ordinance, as herein interpreted, and to en-
force Pence's lien for that amount and for further proper proceed-
ings.

*W. L. Rankin, for appellant.*

*Athey, Pryor, etc., for appellee.*